inute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | Sidney I. Schenkier |
|---|---|---|---|
| CASE NUMBER | 99 C 2504 | DATE | 10/25/2004 |
| CASE TITLE | Roger Whitmore's Automotive, et al. vs. Lake County, Illinois, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached Report and Recommendation, the Court respectfully recommends that the motion by Lake County and Gary Del Re for an award of attorneys' fees pursuant to 42 U.S.C. § 1988 be GRANTED in part. We recommend that (a) attorneys' fees be awarded to Mr. Del Re (not Lake County), for the period starting March 1, 2000, in the amount of $91,271.50; and (b) no expert fees be awarded. Specific written objections to this Report and Recommendation may be served and filed within ten business days from the date that this order is served. Fed.R.Civ.P. 72(a). Failure to file objections with the district court within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this Court in the Report and Recommendation. *See Video Views, Inc. v. Studio 21, Ltd.* 797 F.2d 538, 539 (7th Cir.1986). All matters relating to the referral of this action being resolved, the referral is terminated.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | OCT 26 2004 number of notices | |
| | Notices mailed by judge's staff. | | | |
| ✓ | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | GMA docketing deputy initials | 204 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| mm | courtroom deputy's initials | 2004 OCT 25 PM 4:14 U.S. DISTRICT COURT | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ROGER WHITMORE'S AUTOMOTIVE )
SERVICES, INC., and ROGER WHITMORE, )
)
Plaintiffs, )
) No. 99 C 2504
vs. )
) District Judge Der-Yeghiayan
LAKE COUNTY, ILLINOIS, GARY DEL RE, )
GARY STRYKER, THOMAS CRICHTON, ) Magistrate Judge Schenkier
ALAN JACK DIAMOND, MAX JOHNSON, )
AUTO CENTER OF BEACH PARK, INC., )
WALLY HERMAN, WILDWOOD SERVICE, )
INC., KEVIN DEPERTE, KEVIN'S TOWING, )
INC., EDWARD KOHLMEYER, and )
A-TIRE, INC., )
)
Defendants. )

**DOCKETED OCT 2 6 2004**

## REPORT AND RECOMMENDATION

On March 31, 2004, the district court granted summary judgment in favor of all defendants on all of the plaintiffs' claims (doc. # 155). That summary judgment ruling has spawned an appeal by the plaintiffs, and motions for awards of attorneys' fees by virtually all of the prevailing defendants. The plaintiffs and most of the defendants have resolved both their appeal issues and the attorneys' fees claims by a settlement (*see* doc. ## 189, 194).

However, plaintiffs' appeal remains pending against defendants Gary Del Re and Gary Stryker; conversely, the motion by Mr. Del Re and Lake County for attorneys' fees, costs and expert fees pursuant to 42 U.S.C. § 1988 (doc. # 158) remains pending in this court. In that motion, which now has been fully briefed, Mr. Del Re and Lake County seek an award of $127,611.45 (doc. # 158:

204

Motion, at 2). By an order dated September 1, 2004, the motion was referred to this Court for a Report and Recommendation (doc. # 199).

For the reasons set forth below, we respectfully recommend that the district judge DENY the motion as to Lake County; GRANT the motion as to Mr. Del Re for attorneys' fees (but not expert fees); and award Mr. Del Re attorneys' fees in the amount of $91,281.00.[1]

## I.

We begin with a brief history of the events in this litigation as they pertain to the impending request for an award of attorneys' fees. The plaintiffs in this case are Roger Whitmore's Automotive Services, Inc., which operates a towing service in Lake County, and its owner, Roger Whitmore. The plaintiffs commenced this lawsuit in April 1999 by filing a two-count complaint against defendants Lake County and Del Re, asserting (1) a claim under 42 U.S.C. § 1983 for a violation of their rights to freedom of speech guaranteed by the First Amendment to the United States Constitution, and (2) a supplemental state law claim alleging a violation of their free speech rights under the Illinois Constitution. Both claims in the original complaint were based on the plaintiffs' contention that Mr. Del Re, the Sheriff of Lake County, together with various other persons, violated plaintiffs' rights by (1) improperly coercing them to support Mr. Del Re's 1998 reelection campaign, and (2) when plaintiffs failed to satisfactorily respond to those requests for contributions, and instead supported Mr. Del Re's opponent, punished the plaintiffs by cutting back on their towing territory, and,

---

[1]The motion also sought an award of costs in the amount of $4,154.74. The plaintiffs have not contested the right of these defendants to recover costs as a prevailing party under Fed. R. Civ. P. 54(d), or the reasonableness of the costs they seek (*see* doc. # 179: plaintiffs' response to the motion for Section 1988 attorneys' fees, at 1). During a proceeding in open court on 09/09/04, the plaintiffs reiterated that they had no objection to the award of costs sought, and this Court therefore issued an order of that date requiring the plaintiffs to pay $4,154.74 in costs (doc. # 198). Accordingly, the only issues addressed in this Report are whether the defendants Lake County and Del Re are entitled to recover attorneys' fees under Section 1988, and if so, in what amount.

2

conversely, increasing the towing territory of others who responded more favorably to requests for campaign contributions.

Discovery proceeded through February 15, 2000. During discovery, the parties took 25 depositions.[2] By an order of February 15, 2000, the district judge then presiding in the case set a March 31, 2000 deadline for filing dispositive motions.

On March 24, 2000, plaintiffs sought leave to amend their complaint. By an order dated April 7, 2000, the district judge granted leave to file an amended complaint. The amended complaint added 13 new defendants, and – in addition to reasserting the two claims originally pled against Lake County and Mr. Del Re (Counts VII and VIII in the new pleading) – added six new claims: (a) three RICO claims against Mr. Del Re and various other defendants under 18 U.S.C. § 1962(a), (b), and (c) (Counts I-III); (b) a RICO conspiracy claim, under 18 U.S.C. § 1962(d), against all defendants (Count IV); (c) a claim against all defendants for conspiracy to commit consumer law fraud (Count V); and (d) a claim for interference with prospective business advantage against certain defendants other than Lake County and Del Re (Count VI).

After various extensions of time, all defendants moved to dismiss the amended complaint. By a Memorandum Opinion and Order dated March 27, 2001, the district judge granted the motions in part (doc. # 63). With respect to the defendants Lake County and Del Re, the district judge dismissed all of the RICO claims and the conspiracy to commit common law fraud claim, but granted plaintiffs leave to replead those claims within 30 days. The district judge found that plaintiffs' freedom of speech claims alleged in Counts VII and VIII of the amended complaint both

---

[2] We draw this information from the attorney billing records that Lake County and Mr. Del Re have submitted in connection with their request for an award of attorneys' fees.

3

stated a claim against Mr. Del Re, but dismissed those claims against Lake County, noting plaintiffs' concession that Lake County was not a proper party defendant (doc. # 63: Mem. Op. and Order at 8 and n.4).

In response to this ruling, on May 2, 2001, the plaintiffs filed a second amended complaint that sought to remedy the defects in the RICO claims and the civil conspiracy to commit fraud claim that led the district judge to dismiss them from the first amended complaint (doc. # 66).[3] In a Memorandum Opinion and Order dated May 8, 2002, the district judge dismissed the civil conspiracy claim against Mr. Del Re, as well as the RICO claims based on Sections 1962(a) and (b). However, the district judge ruled that, as amended, plaintiffs' RICO claims pled under Sections 1962(c) and (d) both stated causes of action against Mr. Del Re (doc. # 70: Mem. Op. and Order at 4-15, 18-20).[4]

In light of the filing of a second amended complaint which named defendants who were not parties in the case during the original period for discovery, on April 24, 2003, the district judge entered an order permitting further written discovery to take place. Thereafter, by an order dated June 26, 2003, the district judge extended all discovery in the case to June 30, 2004. On August 5, 2003, the case was reassigned to the now-presiding district judge, who shortened the time period for discovery, ultimately requiring that all discovery be completed by January 28, 2004 (doc. # 101). During the extended discovery period following the filing of the second amended complaint, it

---

[3]Although Lake County remained in the caption, the plaintiffs noted on the face of the pleading that this was done "to avoid possible confusion in the Clerk's office, but [Lake County] has been dismissed from the case" (doc. #66, at 1).

[4]Several defendants other than Mr. Del Re filed a subsequent motion to dismiss, which the district judge denied on December 16, 2002 (doc. #85).

4

appears from the time records that only one additional deposition took place: a second deposition of Mr. Whitmore, on January 22, 2004.

At the close of the extended period for discovery, all defendants filed motions for summary judgment. On March 31, 2004, the district court issued a Memorandum Opinion and Order granting summary judgment to all defendants on all claims (doc. # 155). In that opinion, the district judge found that there was insufficient evidence to permit a reasonable trier of fact to find that Mr. Del Re had committed constitutional violations or RICO violations. In reaching those conclusions, the district judge found that the plaintiffs' claims were "fictional" and "groundless," and that this lawsuit represented "baseless litigation" (doc. # 155: Mem. Op. and Order at 8, 25, 26). The district judge also found that the plaintiffs had continued to offer theories that were unsupported by the evidence (*Id.* at 8).

## II.

Defendants Lake County and Del Re now use the district court's summary judgement opinion as a springboard for their request for an award of attorneys' fees pursuant to 42 U.S.C. § 1988 (doc. # 158). Defendants Lake County and Del Re argue that they are prevailing parties (which is plainly true, since Lake County was dismissed from the case on March 27, 2001, and Mr. Del Re later obtained summary judgment on all claims against him), and that the plaintiffs' suit against them was frivolous, thus making an award of attorneys' fees under Section 1988 appropriate. As a result, these defendants seek an award of $127,611.45, to cover all attorneys' fees, costs and expert witness fees they incurred in the defense of the case from its inception.

In response, plaintiffs argue that no fees should be awarded under Section 1988, because (1) the plaintiffs' case was not frivolous (doc. # 165, Memorandum in Support of Plaintiffs' Objection

to Sheriff and Lake County's Motion for Section 1988 Attorneys' Fees, at 7-15); (2) even if the suit was deemed frivolous, the Court should exercise its discretion to refrain from awarding fees (doc. # 179, Plaintiffs' Response to Sheriff and Lake County's Appendix to their Motion for Section 1988 Attorneys' Fees, at 3); and (3) defendants failed to mitigate their damages (*Id.*, at 2). Plaintiffs further argue that if fees are awarded, they should include only the period beginning when the defendants were required to work on their summary judgment reply, since if the suit was frivolous, plaintiffs reasonably could not have known so until they received and reviewed the summary judgment materials filed by the defendants (*Id.*, at 3).

We begin with a brief overview of the governing law, and then address the specific contentions of the parties.

### A.

In *Hughes v. Rowe*, 449 U.S. 5, 14 (1980), the United States Supreme Court held that a prevailing defendant in a case brought under 42 U.S.C. § 1983 may recover attorneys' fees from the plaintiff only upon a finding that the plaintiff's action was "frivolous, unreasonable or without foundation, even though not brought in subjective bad faith." *Id.* (quoting *Christiansberg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)). Fees may be awarded to a prevailing defendant even if the claim was not patently frivolous, unreasonable or groundless at the outset of the lawsuit, but if the "plaintiff continued to litigate after it became so." *Hughes*, 449 U.S. at 15 (*quoting Christiansberg*, 434 U.S. at 422).

In *Hughes*, the Supreme Court applied its reasoning in *Christiansberg*, which addressed the standard for awarding attorneys' fees to a prevailing defendant in a Title VII case, to the question of attorneys' fees to a prevailing defendant in a Section 1983 case. In *Christiansberg*, the Supreme

Court had adopted the standard that fees may be awarded to a prevailing defendant if the action was frivolous, unreasonable, or without foundation, after balancing the congressional goals of making it easier for plaintiffs of limited means to bring meritorious cases (by allowing them to recover attorneys' fees from the defense if they prevailed), while at the same time deterring lawsuits that were without foundation. *Christiansberg*, 434 U.S. at 420. The Supreme Court cautioned against determining whether a plaintiff's claim was frivolous through "*post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Id.* at 421-22. The Supreme Court explained the vice of such an approach:

> This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

*Christiansberg*, 434 U.S. at 422; *see also Hughes*, 449 U.S. at 14 ("[t]he fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees").

In applying these principles, the Seventh Circuit has explained that a suit is frivolous "if it has no reasonable basis, whether in law or in fact." *Tarkowski v. County of Lake*, 775 F.2d 173, 176 (7th Cir. 1985). Moreover, the Seventh Circuit has made clear that once a court finds a case "frivolous" when dismissing it, the court cannot then "backpeddle" from that finding when the issue of fees to the prevailing defendant is raised. *Adkins v. Briggs & Stratton Corp.*, 159 F.3d 306, 308 (7th Cir. 1998).

7

A finding that a lawsuit is frivolous does not automatically entitle a prevailing defendant to an award of attorneys' fees. *Adkins*, 159 F.3d at 307. Rather, such a finding makes an award of fees appropriate; whether fees in fact are awarded, or in what amount, is a matter for the court's discretion, weighing equitable considerations such as the ability of the plaintiff to pay. *Id.*; *see also Munson v. Friske*, 754 F.2d 683, 697 (7th Cir. 1985). However, "[w]hen a court determines that a plaintiff can afford to pay the award, the congressional goal of discouraging frivolous litigation demands that the full fees be levied." *Munson*, 754 F.2d t 697.

## B.

With these considerations in mind, we consider first the question of whether plaintiffs' claims against Lake County and Mr. Del Re were frivolous. We believe the earlier rulings in this case lead inexorably to that conclusion. In dismissing the claims against Lake County, the district judge stated that she "cannot imagine how plaintiffs can justify naming the [C]ounty in these counts consistently with Rule 11" (doc. # 63, 03/27/01 Mem. Op. and Order, at 8 n.4). And, in granting summary judgment to Mr. Del Re, the district judge's language could not have been more direct, and could not have been a greater indictment of the claims that the plaintiffs brought against him. Plaintiffs' argument that the district judge incorrectly judged their case against Mr. Del Re to be frivolous, which they press at length (*see*, doc. # 165, Memorandum in Support of Plaintiffs' Objection to Sheriff and Lake County's Motion for Section1988 Attorneys' Fees, at 7-15), is better directed to the appeals process than to this Court. To find now on the motion for attorneys' fees that the claim was not frivolous would be to "backpeddle" from the district judges' rulings, which *Adkins* makes clear we may not do.

8

A finding that the case was frivolous, however, leaves open the question whether the plaintiffs reasonably should have known that it was frivolous from the outset; and, if not, whether there was some later point at which it should have been clear to plaintiffs that the case was frivolous, but they nonetheless unreasonably continued to pursue it. *Hughes*, 449 U.S. at 14-15. Plaintiffs say that if the case was frivolous, they could not have known it until the defendants filed their summary judgment papers and laid out the deficiencies that the district judge found in the case. For their part, the defendants claim all fees incurred, thus suggesting they believe the case was frivolous from the start.

As to Lake County, we agree that the suit was frivolous from the outset. In the March 27, 2001 opinion dismissing the freedom of speech claims against Lake County, the district judge observed that the plaintiffs conceded that Lake County was not a proper party defendant; the district judge further questioned "how plaintiffs can justify naming the County in these counts consistently with Rule 11" (doc. # 63: 03/27/01 Mem. Op. and Order, at 8 and n.4). That opinion plainly suggests that plaintiffs' suit against Lake County was without foundation from the outset.

As to Mr. Del Re, we do not agree with either side's contention. To accept the defendants' position would be, in our view, to indulge in the kind of *post hoc* reasoning forbidden by *Christiansberg*. The defendants have offered no persuasive argument about why the plaintiffs, when they originally brought suit, could not have believed in good faith that the loss of towing territory was linked to the alleged request by Mr. Del Re for campaign contributions, and to the plaintiffs' response.

However, we do not agree with the plaintiffs that they could not have known of the holes in their case against Mr. Del Re that were identified by the district judge until the defendants filed their

9

summary judgment motions earlier this year. The heart of those summary judgment motions was the statement of the factual record developed during discovery. That factual record was fully developed by the end of February 2000, when the initial discovery period had closed and some 25 depositions had been taken. The only additional discovery deposition that later took place was the reconvened session of Mr. Whitmore's deposition in January 2004, which certainly did add to what the plaintiffs knew about the case. Yet, after having conducted that discovery, plaintiffs' did not choose to dismiss the case, but instead elected to dramatically expand its scope by amending the complaint to add RICO and fraud claims against Lake County and Mr. Del Re. We conclude that while the defendants have not established that the case against Mr. Del Re was frivolous from its outset, they have demonstrated that by the end of the discovery period in February 2000, plaintiffs should have been on notice of the defects in their case which led to the ultimate summary judgment ruling. Plaintiffs' continued pursuit of the case thereafter makes an award of attorneys' fees appropriate under Section 1988.

Plaintiffs argue that the case against Mr. Del Re cannot be found to have been frivolous as of such an early date, because the complaint survived two motions to dismiss – as plaintiffs put it, they "had no duty to throw away a then winning hand" (doc. # 165: Memorandum in Support of Plaintiffs' Objections to Sheriff and Lake County's Motion for Section 1988 Attorneys' Fees, at 6). We would be more impressed with this argument if, as is more typically the case, the motions to dismiss had been filed at the outset of the case, and the complaints had survived the dismissal prior to discovery being commenced. But that was not the case here. The amended complaints that were the subject of the motions to dismiss were filed after 25 depositions had been taken. All that the dismissal rulings show is that the legal theories offered by the plaintiffs against Mr. Del Re were

10

viable; the rulings assumed the truth of the allegations in the complaint. Thus, the fact that the amended complaints survived motions to dismiss showed only that the plaintiffs had a "then winning hand" insofar as their legal theories had legal support. The rulings on the motions to dismiss does not show that the plaintiffs then had a reasonable basis in fact for those claims – and, the district judge's summary judgment opinion plainly found that the plaintiffs did not.

### C.

Based on the foregoing analysis, we conclude that plaintiffs' pursuit of this case after February 2000 was frivolous. However, that conclusion only makes an award of attorneys' fees from that period forward "**appropriate** – not mandatory." *Adkins*, 159 F.3d at 307 (emphasis in original). Plaintiffs ask the Court to exercise its discretion to deny defendants' request for fees (at least for the period prior to their preparation of the reply brief on summary judgment) because defendants failed to mitigate their damages – that is, prior to filing the summary judgment motion, defendants did not take steps to put the plaintiffs on notice that their case was factually baseless (doc. # 179: Plaintiffs' Response to Sheriff and Lake County's Appendix to their Motion for Section 1988 Attorneys' Fees, at 3).

We do not find that argument persuasive as to Mr. Del Re. The summary judgment motions filed by the defendants simply marshalled the factual record that the parties jointly created during discovery. Plaintiffs actively participated in the development of that discovery record, and thus were well aware of what discovery had disclosed. For that reason, as to Mr. Del Re, this is not a case such as the ones cited by plaintiffs, where a defendant failed to notify a plaintiff of information that the plaintiff might not possess: such as, a dispositive decision that was not disclosed before filing a motion to dismiss, *Donohoe v. Consolidated Operating & Production*, 139 F.R.D. 626, 633 (N.D.

11

Ill. 1991), or a mistake made by plaintiffs' counsel in the allegations of diversity citizenship, which was not disclosed prior to filing a motion to dismiss. *Dubisky v. Owens*, 849 F.2d 1034, 1037-38 (7th Cir. 1988). In both of those cases, the information that would have shown the complaint to be baseless was clearly within the possession of the defendants and was not clearly in the possession of the plaintiffs. Here, all parties had access to the same factual record that the district judge found to render plaintiffs' claims against Mr. Del Re baseless. We do not believe that a duty to mitigate, which applies to claims for fees by a prevailing defendant under Section 1988, *see Leffler v. Meer*, 936 F.2d 981, 987 (7th Cir. 1991), requires a defendant to tell a plaintiff what he already knows.

Plaintiffs' mitigation argument has more force as to Lake County. If, as the district judge's dismissal order suggests, it should have been obvious to plaintiffs that the claims against Lake County were fatally flawed, that should have been no less obvious to Lake County. However, Lake County did not seek to dismiss the original complaint on the improper party argument, but waited to do so until after plaintiffs filed the amended complaint -- and after discovery had been substantially completed. Had Lake County promptly notified plaintiff of the impropriety of joining it as a party, plaintiffs may have conceded the error – as they did when the matter was raised in a later motion to dismiss – and dropped Lake County from the case. In failing to give plaintiffs this opportunity, Lake County failed to mitigate, *see Dubisky*, 849 F.2d at 1037-39, and thus is not entitled to recover fees.[5]

---

[5] We note that all of the bills for legal services rendered by Daniel P. Field to Mr. Del Re were submitted to Lake County for payment. The extent to which any award of fees under Section 1988 ultimately must be turned over to Lake County is a matter of separate agreements that may exist between Mr. Del Re and Lake County, and is not a matter for the Court.

The mitigation argument is the only consideration that the plaintiffs offer in their effort to persuade the Court to exercise its discretion to limit any award of fees to the period after the filing of the summary judgment motions. The plaintiffs do not offer any evidence of an inability to pay a fee award or other equitable considerations that would militate against an award of fees here. Accordingly, the Court concludes that of reasonable attorneys' fees for the period from March 1, 2000 (when discovery originally closed in the case) forward should be awarded to Mr. Del Re.

### D.

That leaves the question of the amount of attorneys' fees and expert fees reasonably incurred during this time period – as we explained above, *see* note 1, *supra*, other costs already have been awarded. We begin our analysis of that question by eliminating attorneys' fees for the period prior to March 1, 2000. The total amount of attorneys' fees incurred beginning with that date are $93,206.50 (doc. # 196: Appendix to Motion of Defendants County of Lake and Gary Del Re for Attorneys' Fees Pursuant to 42 U.S.C. Section 1988 ("Appendix"), Ex. 1).

Next, we deny Mr. Del Re's request for reimbursement of expert fees, which total $12,190.50 (doc. # 196: Appendix, Exhibit 3). In *West Virginia University Hospitals, Inc. v. Casey*, 499 U.S. 83 (1991), the court considered the question of whether the term "attorney's fee" as used in Section 1988 provides the explicit statutory authority necessary to shift the cost of expert witness fees from the prevailing party to the non-prevailing party. After a thorough analysis of a variety of statutory fee-shifting schemes and the relevant case law, the Supreme Court concluded that at the time Section 1988 was enacted, "neither statutory nor judicial usage regarded the phrase 'attorney's fees' as embracing fees for experts' services." 499 U.S. at 97. Accordingly, the Supreme Court held that

in the form that it was then written, Section 1988 "conveys no authority to shift expert fees." *Id.* at 102.

While Section 1988 has been since amended to give a court discretion to shift expert fees to the non-prevailing party as part of attorneys' fees, the statute affords that discretion only where the suit is to "enforce a provision of Section 1981 or 1981a of this Title." 42 U.S.C. § 1988(c). Mr. Del Re's right to fee shifting under Section 1988 is based on plaintiffs bringing an underlying claim under 42 U.S.C. § 1983; plaintiffs asserted no claim under Section 1981 or 1981a. Defendants have cited no authority to support the shifting of expert fees under Section 1988 to a party who prevails on a Section 1983 claim, and we have found none that would contravene this clear Supreme Court and statutory authority to the contrary.

In assessing how much of the $93,206.50 in attorneys' fees incurred beginning in March 2000 should be awarded to Mr. Del Re, we do not distinguish between the fees incurred in defense of the Section 1983 claim and those incurred in defense of the other claims, because all of plaintiff's claims rested on "a common core of facts." *See Munson v. Milwaukee Board of School Directors*, 969 F.2d 266, 272 (7th Cir. 1992) (holding that a prevailing plaintiff may recover fees under Section 1988 both for federal claims and supplemental state law claims, where all of the claims "are factually or legally related"). Nor do we distinguish between the work Mr. Field performed for Mr. Del Re and Lake County, for several reasons. *First*, plaintiffs have not asked that we do so. *Second*, during the time period between March 1, 2000 and March 27, 2001, when Lake County was dismissed, the only substantial work done was the filing of the motion to dismiss and supporting materials, which in the main addressed arguments that were relevant either only to Mr. Del Re, or to both Mr. Del Re and Lake County. *Third*, any of time Mr. Field devoted to representing Lake County (as opposed

14

to Mr. Del Re) would be minimal, as it would cover only the portions of the motion to dismiss devoted to the improper party argument, which was so evident that not much time could be allocated to it.

Plaintiffs do not claim that the hourly rates claimed by defense counsel are excessive; moreover, for the period beginning March 1, 2000, plaintiff's challenge only $2,660.50 of the fees sought.[6] Plaintiffs challenge these amounts principally on three grounds: (a) that certain entries lumped together compensable time with time that was not compensable (generally involving communications with the press); (b) that excessive time was spent in reviewing short minute orders and letters, and should be reduced; and (c) that certain entries involved work having no demonstrative relationship to the case. We address each of these challenges in turn.

*Media Contacts*. Plaintiffs argue that fees should not be awarded for defense counsel's communications with the media. Defense counsel argues that his media contacts were necessitated by preceding media contacts initiated by plaintiffs' counsel, and that "once the plaintiffs made the decision to [try the case in the press] the defendants were reasonable in responding" (doc. # 203: Reply Memorandum of Defendants Gary Del Re and County of Lake in Support of Their Motion for Attorneys' Fees ("Reply Mem."), at 2). Neither side has cited authority on the question of whether fees incurred in dealing with the media may be shifted under Section 1988.

In *Mercier v. City of LaCross*, No. 02-C-376-C, 2004 WL 1354362 (W.D. Wis. June 11, 2004), the district court declined to award fees for media contacts. At the outset, the district court identified a split in the case law. *Id.* at *1. The court noted that two circuits have questioned

---

[6]Plaintiffs challenged $2,773.00 of the fees sought, but $112.50 of that amount was incurred prior to March 1, 2000, the earliest point at which the Court finds that fees may be shifted under Section 1988.

15

"whether it is appropriate to permit recovery for media activities under any circumstances," *id.* (citing *Halderman v. Pennhearst State School & Hospital*, 49 F.3d 393, 942 (3d Cir. 1995), and *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 176 (4th Cir. 1994)), while two other circuits have considered whether the media contacts were "'necessary' to accomplish the objectives of litigation," *id.* (citing *Jenkins v. Missouri*, 131 F.3d 716, 721 (8th Cir. 1997), and *Gilbrook v. City of West Minister*, 177 F.3d 839 (9th Cir. 1999)). In *Mercier*, the district court found the reasoning of *Halderman* and *Rum Creek* to be persuasive, but also noted that, even under the standard adopted in *Jenkins* and *Gilbrook*, "plaintiffs have failed to show how any time counsel spent speaking with the press advanced the case." *Mercier*, 2004 WL 1354362, at *2.

In this case, defense counsel may have considered it politically prudent to discuss the case with the media (whether in response to contacts initiated by the plaintiffs or otherwise), rather than to respond with a terse "no comment." And, Mr. Del Re reasonably could have decided that it was appropriate to pay his attorneys to have those discussions. However, the defendants have offered no explanation as to how those media contacts advanced the defense of the legal claims case, and we see none. Accordingly, we will reduce the fees awarded to Mr. Del Re to eliminate fees incurred in connection with media contacts.

***Clerical Functions.*** Plaintiffs have objected to certain entries that show attorneys' fees billed for photocopying and faxing documents. Defense counsel argues that these fees were necessarily incurred because during the time period in question, he did not employ a clerical staff and thus did the work himself (doc. # 203: Reply Mem., at 2). Counsel, of course, has the right to organize his legal practice in the way that he sees fit. But counsel's choice to perform his own clerical work it does not justify requiring a losing party, under Section 1988, to pay attorneys' fees

rates for the performance of clerical functions. Accordingly, we sustain the objection to an award of fees for clerical functions.

***Time for Reading Correspondence.*** Plaintiffs challenge defendants' practice of routinely billing two-tenths of one hour for reading correspondence. Defense counsel's response is that is the customary practice that he has used for years, which "takes into account that often when one reads a letter one must also file it in the proper place, make notations and dates in the attorney's diary and perform other tasks that are ancillary to simply reading the text of the missive of itself" (doc. # 203: Reply Mem., at 2). However, we do not consider it reasonable to shift to the losing party under Section 1988 two-tenths of one hour for reading every letter, not matter how brief it may be. To the extent that defense counsel seeks to justify that amount of time allocated to reading letters to performing ancillary tasks such as filing, once again those are clerical functions for which a losing party should not have to pay attorneys' fees rates. Thus, we sustain this objection, and reduce the fee requests accordingly.

***Other Questioned Entries.*** Plaintiffs question entries concerning conversations defense counsel had with Charles Smith, Jeffrey Berman and Michael Horowitz, on the ground that plaintiffs do not recognize who those people are and that there was no litigation-related purpose for defense counsel to talk with them. In reply, defense counsel has satisfactorily explained the case related purpose of his communications with Mr. Smith and Mr. Berman, and thus we will award time incurred for those communications. However, defense counsel has stated that the time devoted to communications with the Sheriff's office concerning Mr. Horowitz was to counter his efforts "to create bad publicity for the Sheriff in the context of this case" (doc. # 203: Reply Mem., at 3), which

is insufficient description of a litigation-related purpose to justify rewarding attorneys' fees for it. Thus, we sustain the objection to the time sought for the communications with Mr. Horowitz.

Based on these rulings, we reduce the amount awarded for the period beginning March 1, 2000 by $1,925.50.[7] Subtracting this from the amount requested of $93,206.50 for the period from March 1, 2000 forward, we are left with a total award of $91,281.00.[8]

## CONCLUSION

For the foregoing reasons, the Court respectfully recommends that the motion by Lake County and Gary Del Re for an award of attorneys' fees pursuant to 42 U.S.C. § 1988 be GRANTED in part. We recommend that (a) attorneys' fees be awarded to Mr. Del Re (not Lake County), for the period starting March 1, 2000, in the amount of $91,271.50; and (b) no expert fees be awarded.

Specific written objections to this Report and Recommendation may be served and filed within ten business days from the date that this order is served. Fed.R.Civ.P. 72(a). Failure to file objections with the district court within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this Court in the Report and Recommendation. *See*

---

[7] This reduction eliminates all fees sought for the period prior to 03/01/00, and reduces or eliminates fees sought for time entries in connection with Mr. Berman (entries dated 08/20-23/02, 08/26/02, 09/05-06/02, 09/09/02, 09/23/02, 09/27/02).

[8] We note that many of the entries for which we have sustained plaintiffs' objections include "commingled" entries, which combine work that is compensable with work that is not. The plaintiffs' objection proposed an allocation of time for those entries between work that was compensable and work that was not. The defendants objected to plaintiffs' challenge to certain work as noncompensable, but posed no challenge to the allocations proposed by the plaintiffs in the event that the challenges were sustained. Accordingly, we adopt the allocations, and resulting reduction of fees, proposed by plaintiffs.

*Videoviews, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986). All matters subject to the referral having been concluded, the referral is hereby terminated.

**ENTER:**

*/s/ Sidney I. Schenkier*
**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

**Dated: October 25, 2004**