# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 2504 | **DATE** | 12/3/2004 |
| **CASE TITLE** | Roger Whitmore's vs. Lake County, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion, defendants Lake County and Gary Del Re's motion for attorney's fees is granted. Attorney's fees and costs are hereby awarded in favor of defendants Lake County and Gary Del Re in the amount of $114,486.24 and against plaintiffs Roger Whitmore's Automotive Services and Roger Whitmore, jointly and severally. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 0 3 2004 | |
| | Notified counsel by telephone. | | date docketed | 206 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MW | courtroom deputy's initials | 2004 DEC -3 PM 12:42 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROGER WHITMORE'S AUTOMOTIVE SERVICES, INC., and ROGER WHITMORE<br><br>Plaintiffs,<br><br>v.<br><br>LAKE COUNTY, ILLINOIS, GARY DEL RE, GARY STRYKER THOMAS CRICHTON, ALAN JACK DIAMOND, MAX JOHNSON, AUTO CENTER OF BEACH PARK, INC., WALLY HERMAN, WILDWOOD SERVICE, INC., KEVIN DEPERTE, KEVIN'S TOWING, INC., EDWARD KOHLMEYER, and A-TIRE, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 99 C 2504 |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants County of Lake's ("County") and Gary Del Re's ("Del Re") (collectively referred to as "County Defendants") motion for attorney's fees, expert witness fees, and costs pursuant to 42 U.S.C. § 1988 ("Section 1988"). For the reasons stated below, we grant the County Defendants' motion for attorney's fees and we grant the motion for costs.

1



## BACKGROUND

In this action, Plaintiffs claimed that beginning in 1997 the Lake County Sheriff's Office began a scheme to raise money for the Sheriff's campaign for the 1998 Republican primary. Plaintiffs alleged that the incumbent Sheriff solicited campaign contributions, both by mail and by phone. In addition, Plaintiffs alleged that officers from the Sheriff's Office visited businesses to solicit donations. Plaintiffs further alleged that the Sheriff's Office made sure that only the towing companies that made contributions to the Sheriff's campaign received contracts from the County for a towing area. Plaintiffs claimed that their towing area was reduced because they did not contribute in 1997 to the incumbent Sheriff's campaign and instead supported his opponent. The incumbent Sheriff was Del Re.

On April 27, 2001, all claims against Lake County were dismissed and on February 19, 2004, we dismissed all claims against Edward Kohlmeyer. The remaining Defendants filed summary judgment motions. On March 31, 2004, we granted Defendants' motions for summary judgment in their entirety. Subsequently, Defendants filed motions seeking fees and costs. Most of the fee and cost issues were resolved in a settlement that occurred during the appeal. The only Defendants that have not settled with Plaintiffs are the County Defendants, Gary Stryker, and the Committee to re-elect Del Re. The County Defendants' motions for attorney's fees, expert witness fees, and costs remain pending before this court. On September 1, 2004, we referred the County Defendants' motion for attorney's fees, expert witness

fees, and costs to the magistrate judge for a report and recommendation. On October 25, 2004, the magistrate judge issued a report and recommendation and Plaintiffs subsequently filed objections to the report and recommendation.

## LEGAL STANDARD

A district court judge may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by the judge of the court, of any motion. . . ." 28 U.S.C. § 636(b)(1)(B). If a party objects to a magistrate judge's proposed findings of fact and recommendations, the party must serve written objections and the district court judge who referred the matter to the magistrate judge shall review the portions objected to under the *de novo* standard. 28 U.S.C. § 636(b)(1)(C). After receiving the report and recommendation, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . [and] [t]he judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## DISCUSSION

The County Defendants have brought their motion for attorney's fees, expert witness fees, and costs pursuant to Section 1988 which states in part the following:

3

(b) Attorney's fees
In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318 [20 U.S.C.A. § 1681 et seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C.A. § 2000bb et seq.], the Religious Land Use and Institutionalized Persons Act of 2000 [42 U.S.C.A. § 2000cc et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d et seq.], or section 13981 of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

(c) Expert fees
In awarding an attorney's fee under subsection (b) of this section in any action or proceeding to enforce a provision of section 1981 or 1981a of this title, the court, in its discretion, may include expert fees as part of the attorney's fee.

42 U.S.C. § 1988(b)(c).

I. Attorney's Fees

The County Defendants argue that, as the prevailing parties, they are entitled to attorney's fees because the suit brought by Plaintiffs was frivolous. The Seventh Circuit has defined a "prevailing party" as a party that recovers "*any* judgment, even for nominal damages." *Johnson v. Daley*, 339 F.3d 582, 587-88 (7$^h$ Cir. 2003). Section 1988 motions "are addressed to the sound judgment of the district court." *Nisenbaum v. Milwaukee County*, 333 F.3d 804, 810-11 (7$^h$ Cir. 2003). Under Section 1988 "a prevailing plaintiff is entitled to fees virtually as a matter of course but a prevailing defendant only if the suit is frivolous." *Gonzales v. Transfer*

4

*Technologies, Inc.*, 301 F.3d 608, 609 (7th Cir. 2002).

The magistrate judge recommends that we award attorney's fees to Del Re, but recommends that we decline to award attorney's fees to the County because the County failed to mitigate its losses. The magistrate judge concluded that since the County failed to seek to dismiss the original complaint, and waited until after the Plaintiffs filed the amended complaint to file a motion for summary judgment, the County failed to mitigate its losses. We conclude that the awarding of attorney's fees are warranted not only for Del Re but also for the County. Although the action brought by Plaintiffs was frivolous, it does not necessarily follow that any of the Defendants could have successfully prevailed on a motion to dismiss inasmuch as for purposes of adjudicating a motion to dismiss, the allegations in Plaintiffs' complaint are required to be accepted as true. Also, we cannot find that it was obvious to any of the Defendants at the time of the filing of the original complaint that the claims were frivolous. Therefore, we cannot find that the County Defendants failed to properly mitigate their losses in regards to attorney's fees.

Plaintiffs' objections to the award of attorney's fees consists merely of arguments opposing our findings in the summary judgment rulings. We found that the claims brought by Plaintiffs were in essence frivolous and we specifically referred to the "baseless conspiratorial nature of Plaintiffs' claims" and stated that the instant action was "baseless litigation." *Roger Whitmore's, Automotive Servs., Inc. v. Lake County, Illinois*, 2004 WL 723842, at *12 (N.D. Ill. 2004). Therefore, we grant the motion for attorney's fees. We find that it is appropriate to award

5

attorney's fees that were incurred by the County Defendants since the day this action was filed. As we indicated in our prior ruling and have indicated above, this action was frivolous and its frivolous nature should have been apparent to Plaintiffs when they filed this action. The filing of this baseless suit has caused the County Defendants needless and extraordinary expenses and Plaintiffs should be held fully culpable in providing reimbursement to the County Defendants. The taxpayers should not be expected to subsidize expenses incurred to defend against a frivolous lawsuit filed by a disgruntled businessman who attempted to utilize the judicial process to harass the County because his expectations of receiving patronage from the candidate he supported were crushed when his candidate lost and thus, he was unable to gain a financial windfall. Plaintiffs acknowledge that the County Defendants' attorney's fees are reasonable but argue that the court should not award them. We find that the County Defendants' attorney's fees are reasonable and that they should be awarded as a matter of discretion due to the frivolous nature of the action. Therefore, we grant the County Defendants' motion for attorney's fees and award $110,331.50 for attorney's fees.

## II. Expert Fees

The County Defendants argue that pursuant to Section 1988 they are entitled to expert fees. Section 1988 only provides the district court with the discretion to "include expert fees as part of the attorney's fee" in an action "to enforce a provision of section 1981 or 1981a of this title . . . ." 42 U.S.C. § 1988(c). The action by

6

Plaintiffs was not brought pursuant to Sections 1981 or 1981a. The County Defendants are not seeking to include expert fees as part of their attorney's fee from an action or proceeding to enforce a provision of section 1981 or section 1981a. Although the expert expenses are legitimate expenses, Section 1988 does not provide the court with discretion to award such expert fees.

III. Costs

The County Defendants seek $4,154.74 for costs. Plaintiffs acknowledge in their response to the County Defendants' Appendix to the motion for fees and costs that the costs are reasonable. (P Res. Appx. 1). Plaintiffs' only request is that the payment of costs be stayed thirty days. (P Res. Appx. 1-2). We grant the motion for costs in its entirety and we deny Plaintiffs' request for a stay of the payment of the costs.

## CONCLUSION

Based on the forgoing analysis, we grant the County Defendants' motion for attorney's fees in the amount of $110,331.50, and we grant the County Defendants' motion for costs in the amount of $4,154.74 for a total amount of $114,486.24.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: December 3, 2004